**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DAWN FLEETWOOD O/B/O E.F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:11-3304-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Dawn Fleetwood ("Fleetwood"), the mother of Plaintiff E.F., seeks judicial review of the Commissioner of Social Security's denial of her daughter's application for child's supplemental security income ("SSI") benefits based on Title XVI of the Social Security Act ("the Act") , 42 U.S.C. §§ 1381 *et. seq*. E.F. has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

Fleetwood contends E.F. became disabled beginning on October 1, 2007, due to ear infections, earaches, and a speech impediment. The Administrative Law Judge ("ALJ") denied her application, finding that E.F. was not disabled under the Act. After carefully reviewing the record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

A summary of the medical and procedural record is presented in the parties' briefs and is repeated here only to the extent necessary.

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

**Analysis**

Generally, a federal court's review of the Commissioner's decision to deny an application for benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law and whether the findings of fact are supported by substantial evidence on the record as a whole.

A three-step sequential evaluation process is used to determine disability for children. 20 C.F.R. § 416.924(a). This three-step process requires showing that: (1) the child was not performing substantial gainful activity; (2) the child had a "severe" impairment or combination of impairments; and (3) the child's impairment or combination of impairments met, medically equaled, or functionally equaled the severity of a listed impairment. 20 C.F.R. § 416.924. To establish functional equivalence, a child must have a medically determinable impairment or combination of impairments resulting in "marked" limitations in two areas or an "extreme" limitation in one area. Six areas of functioning are considered: (1) acquiring and using

2

information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(I)-(vi). A child has a "marked" limitation if the impairment(s) interferes seriously with her ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(I). "Marked" also means a limitation that is "more than moderate" but "less than extreme." *Id.* A child has an "extreme" limitation if the child's impairment(s) interferes "very seriously" with her ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(I). "Extreme" limitation is the rating given to the most limiting impairments, but "extreme" does not necessarily denote a total lack or loss of ability to function. *Id.*

**I.  The ALJ did not err in determining that E.F.'s impairments are not the functional equivalent of a severe impairment.**

Fleetwood argues that the ALJ erred by not finding that E.F.'s impairments are functionally equivalent to a severe listed impairment. Specifically, Fleetwood contends the ALJ erred by failing to find that E.F. had at least a marked limitation in her ability to interact and relate with others and in her health and physical well-being. The Court holds the ALJ did not err because substantial evidence supports his determination that E.F.'s impairments did not result in marked limitations in either of these two areas.

With respect to interacting and relating with others, the ALJ properly found that E.F. was less-than-markedly limited. As the ALJ noted, although E.F. had a speech impairment, she was making good progress in speech therapy. R. at 22, 188. After undergoing speech therapy, her speech intelligibility greatly improved, and her speech therapist reported her speech was intelligible on the first attempt two-thirds or more of the time. R. at 22, 220. Substantial evidence also supports the ALJ's finding that E.F. did not have difficulty getting along with her

3

peers at school. School officials noted E.F. was "very social" and "[got] along well with peers," and E.F.'s teacher indicated she had not seen E.F. experience any problems interacting and relating with others. R. at 172, 140. Her teacher reported E.F. had a less-than-marked limitation in the domain of interacting and relating with others, an opinion shared by the state agency psychiatrist, Dr. Eugene Tenorio, M.D., who evaluated her case. R. at 140, 247.

The record also indicates that E.F. had a less-than-marked limitation in the domain of health and physical well-being. While E.F. has a history of recurrent ear and respiratory infections, these infections were not related to her speech impairments, and she was able to pass her pre-school physical examination. R. at 24-25, 39, 200. E.F. was also able to learn at her grade level, R. at 137, which suggests she did not have a disabling problem. With respect to E.F.'s pre-diabetes mellitus, the ALJ noted that endocrinologist Bert Bachrach, M.D., found the results of her glucose monitoring generally normal, with the exception of one oral glucose test. R. at 21, 257-258. While Fleetwood alleged that E.F.'s blood sugar levels caused her to sometimes "bounce around the house," her teacher did not note any problems with E.F.'s ability to attend and complete tasks. R. at 38, 139. Finally, Dr. Tenorio and E.F.'s teacher both found that she did not have marked limitations with respect to her health and physical well-being, which is consistent with the ALJ's determination. R. at 146, 247-248. Consequently, there is no error here.

## II. The ALJ did not err in evaluating Fleetwood's credibility.

Plaintiff also argues that this case should be remanded because the ALJ insufficiently explained or discussed his reasoning for discounting Fleetwood's testimony concerning E.F.'s speech and communication problems. The ALJ found Fleetwood's testimony regarding the intensity, persistence, and limiting effects of E.F.'s impairments not credible to the extent it was

4

inconsistent with the ALJ's determination that E.F.'s impairments did not functionally equal a listed impairment. R. at 18.

This finding is supported by the record evidence. As discussed above, E.F. made good progress in overcoming her communication problems with speech therapy, and impairments that are amenable to treatment do not support a finding of disability. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). Contrary to Fleetwood's statement that E.F. had difficulty getting along with other children, school officials noted that E.F. was "very social" and "[got] along well with peers." The ALJ also found that Fleetwood's allegations of disabling limitations from pre-diabetes mellitus were inconsistent with the medical evidence and E.F.'s school performance, and that Fleetwood's testimony was inconsistent with Dr. Tenorio's opinion. R. at 18, 25. Because the ALJ articulated the inconsistencies upon which he relied in discrediting Fleetwood's testimony, and because his determination is supported by substantial evidence on the record as a whole, the ALJ's credibility finding is affirmed. *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  January 31, 2013         　　　　 /s/ Greg Kays
　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT